A99A1304. IN THE INTEREST OF J. L., a child.
(522 SE2d 239)

ANDREWS, Presiding Judge.

J. L. was alleged to be delinquent in two petitions stating that the juvenile violated the Georgia Controlled Substances Act in that he tested positive for marijuana on two separate occasions while he was on probation for another juvenile violation. After a hearing pursuant to OCGA § 15-11-33 (a), the juvenile court found that J. L. committed both alleged acts and committed him to the Department of

Juvenile Justice. J. L. appeals claiming the juvenile court erroneously admitted evidence over objection and that the evidence is insufficient to support the court's findings.

J. L. testified at the hearing and denied that he had used marijuana. In support of the allegations, the State produced the results of two tests which apparently showed on some basis that J. L. had ingested marijuana. The test results are not part of the record. Moreover, over the objection of J. L.'s counsel, the test results were admitted into evidence by the juvenile court without any testimony or other foundation to support their admission.

This record is wholly insufficient to support the juvenile court's findings that J. L. committed the alleged acts. Under the Juvenile Court Code and numerous decisions of this Court, "the juvenile charged with 'delinquency' is entitled by right to have the court apply those common law jurisprudential principles which experience and reason have shown are necessary to give the accused the essence of a fair trial." (Citations, punctuation, and emphasis omitted.) *In the Interest of S. L. H.*, 205 Ga. App. 278, 279-280 (422 SE2d 43) (1992); *T. L. T. v. State*, 133 Ga. App. 895, 899 (212 SE2d 650) (1975). These include the right to confront and cross-examine witnesses and the right to proof of the allegations beyond a reasonable doubt. Id. at 898-899. Since these rights were not afforded J. L. on the present record, the judgment must be reversed.

*Judgment reversed. McMurray, P. J., and Ruffin, J., concur.*

DECIDED AUGUST 31, 1999.

*Griner & Mirate, Galen A. Mirate*, for appellant.
*Richard E. Currie, District Attorney, Albert H. Tester, Assistant District Attorney*, for appellee.